# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| OBIE OBIE MASANGO, | : | Case No. 3:18-cv-00161 |
| Plaintiff, | : | Magistrate Judge Sharon L. Ovington |
| | : | (by full consent of the parties) |
| vs. | : | |
| OFFICER SCHWARTZ, | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Obie Obie Masango is proceeding *pro se* and *in forma pauperis*. The case is presently before the Court upon Defendant's Motion to Dismiss for Failure to Prosecute. (Doc. #20).

Defendant contends that dismissal of this case with prejudice is warranted under Fed. R. Civ. P. 37(b)(2) and 41(b) because Mr. Masango did not respond to Defendant's Interrogatories and Requests for Production of Documents. Defendant first attempted to serve his discovery requests on Mr. Masango by mailing them to him to his address of record on February 13, 2019. One month later, the postal service returned these discovery requests to Defendant as undeliverable.

Defendant's counsel then emailed the discovery requests to Mr. Masango and asked him to provide a current address. Mr. Masango responded on April 19, 2019 by emailing a blank document to Defendant and asserting it was responsive to discovery. He did not provide Defendant with an updated address. One week later, Defendant's

counsel informed Mr. Masango by email that the document he had sent was blank and asked him to send another response. Two weeks later, having heard nothing from Mr. Masango, Defendant emailed Mr. Masango another request to provide discovery responses. A further request followed on May 13, 2019, and Defendant's counsel informed Mr. Masango that if he did not respond by May 20th, Defendant would file a motion to compel.

Mr. Masango responded on May 15, 2019 with incomplete interrogatory answers and no documents or other responses to Defendant's requests for production of documents. Defendant's counsel emailed Mr. Masango on this same date asking for complete responses and responsive documents.

About two months passed without word from Mr. Masango. On July 18, 2019, Defendant's counsel notified Mr. Masango (by email) that his discovery responses were incomplete and that he needed to provide complete responses by July 29, 2019 or face a motion to compel along with a request to dismiss the case for failure to prosecute. One outstanding discovery issue concerned Mr. Masango's previous indication that he had a video of the incident in question. Defendant's counsel asked Mr. Masango to produce a copy of the video. This triggered a response: Mr. Masango said he would not provide the video or other discovery until the day of trial.

Defense Council filed a Motion to Compel (Doc. #13) to which Mr. Masango responded with a single sentence stating, "Due to disclosure of evidence before the trial date, I … write to revoke the motion to compel by the defense council." (Doc. #15).

The Court granted Defendant's Motion to Compel and ordered Mr. Masango to

2

respond to all outstanding discovery requests on or before November 13, 2019. The Court also placed Mr. Masango on notice that if he failed to comply with the Order, "the Court may impose sanctions including the exclusion of evidence or dismissal of the case for failure to prosecute." (Doc. #19, *PageID* #81).

The Court informed Mr. Masango, by way of a Notice, that his response to the Motion to Dismiss was due on December 9, 2019 and that if he failed to timely respond, Defendant's Motion to Dismiss may be granted and his Complaint may be dismissed. (Doc. #21).

Defendant next filed his presently pending Motion to Dismiss for Lack of Prosecution. The Court then notified Mr. Masango that his response was due by December 9, 2019 and that if he did not file a timely response, the Motion to dismiss may be granted and his case dismissed. (Doc. #21).

The Court granted Defendant's subsequent Motion to extend the discovery and dispositive-motion deadlines. Then, beginning on November 22, 2019, copies of documents mailed to Mr. Masango at his address of record was returned to the Clerk of Court as undeliverable. This occurred on four separate occasions (Doc. #s 23-26) and is unsurprising since Mr. Masango has not updated his address of record.

District courts have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.")

3

(citations omitted); *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal.") (citation omitted)). But dismissal with prejudice for failure to prosecute is "'a harsh sanction which the court should only order in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" *Carpenter*, 723 F.3d at 704 (quoting *Tung–Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). By comparison, "the sanction of dismissal *without prejudice* is a comparatively lenient sanction, and thus the controlling standards should be greatly relaxed ... because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004) (citing *Nwokocha v. Perry,* 3 F. App'x 319, 321 (6th Cir. 2001) (*per curiam*)).

To determine whether dismissal for failure to prosecute is appropriate, four factors are considered:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter*, 723 F.3d at 704 (quoting *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001) (quotation marks omitted)).

In the present case, Mr. Masango is at fault. He has not responded to all of Defendant's outstanding requests and has ignored a Court Order requiring him to do so. He has also not responded to Defendant's Motion to Dismiss. His silence in the face of these pending matters leaves the record void of any explanation for his many months of

4

inaction. He has also failed to keep the Court apprised of his current address and has thus created a record that is heavy with warnings to him about the possible dismissal of his case without any effort by him to move the case forward. Indeed, he has not filed any document in the case since September 9, 2019.

Defendant has incurred prejudice to his case because Mr. Masango has deprived him of essential evidence—particularly, a copy of the video of the incident that Mr. Masango claims he has in his possession. The videotape is discoverable under Fed. R. Civ. P. 26(b)(2), and its absence from discovery introduces the possibility of trial by ambush. Its absence, along with his additional failures to provide outstanding discovery, further prejudices Defendant's ability to meaningfully engage in the dispositive-motion stage of the case or to reasonably consider mediation or settlement. Mr. Masango's noncompliance with his discovery obligations and his duty to abide by the Court's discovery Order has likewise delayed the case, which he filed 18 months ago. Such delay tends to increase the costs of litigation to Defendant with no reasonable end in sight, thus causing Defendant further prejudice.

Although sanctions less drastic than dismissal have not yet been imposed upon Mr. Masango for his failure to prosecute, it appears he has lost his motivation or ability to pursue his case in this Court. He has created this appearance by failing to respond to the Court's Order, failing to satisfy his discovery obligations, failing to keep the Court apprised of his current address, and failing to provide the Court with justification for his failure to prosecute.

For all these reasons, the applicable factors taken together support the sanction

of dismissal of this case with prejudice.

## IT IS THEREFORE ORDERED THAT:

1. Defendant's Motion to Dismiss (Doc. #20) is GRANTED, and Plaintiff's Complaint is dismissed with prejudice; and

2. The case is terminated on the Court's docket.


January 2, 2020                          *s/Sharon L. Ovington*
                                                     Sharon L. Ovington
                                                     United States Magistrate Judge